George W. Cregg, Esq. Village Attorney, North Syracuse
In a telephone conversation elaborating on your request for an opinion, you indicated that your village has adopted the State Building Code, the State Building Conservation and Fire Prevention Code and the National Fire Prevention Association's Life Safety Code (a model code). In the event of a conflict between the State codes and the National Fire Prevention Association's Life Safety Code, you question which code applies. Also, you ask whether the State codes are retroactive in effect.
The authorization for the State Building Code is Article 18 of the Executive Law.* In the statement of legislative findings and purposes the Legislature notes the high costs of construction prevalent at the time of enactment of Article 18 (Executive Law, § 370). Many persons in the State were unable to obtain decent and sanitary housing at affordable prices or rentals and commerce was adversely affected by high construction costs (ibid.). Contributing to these high costs were the various local building regulations characterized by requirements that were obsolete and unnecessarily complex without providing correlative benefits or safety to owners, builders, tenants and users of buildings (ibid.). "It is the purpose of this act to institute the preparation of a state code of building construction to provide, so far as may be practicable, basic and uniform performance standards" (ibid.).
The State Building Code is applicable in any city, town or village that has adopted a resolution accepting its applicability (id., § 374-a). The Legislature has established standards and objectives for the preparation of the Code by the State Building Code Council (Council) (id., § 375). An objective is the provision of uniform requirements for construction that encourage standardization of construction practices and materials and the elimination of restrictive, obsolete, conflicting and unnecessary building regulations that tend to increase costs (id.,
§ 375[1], [4] and [5]). While municipalities may adopt local building codes, no municipality which has adopted the State Building Code may supersede, void, repeal or make more restrictive any of its provisions (id., § 386). Higher standards for building construction may be established by the Council upon application by the municipality (id.,
§ 379).
Thus, it is evident that the State Building Code was designed to establish uniform building regulations to promote health and safety while not placing an unreasonable burden upon construction. To the extent of any conflict between a local building code (including a model code adopted by the municipality) and the State Building Code, the latter will prevail. More restrictive standards may be established by the Council upon application by the municipality (id., § 379).
Article 18-A of the Executive Law authorizes the promulgation of a State Building Conservation and Fire Prevention Code. The Code is applicable in any city, town or village which has adopted a resolution accepting its applicability (id., §§ 392, 374-a). The legislative purpose is for the Code to contain basic minimum standards of property use and fire safety (id., § 390). The Council upon the recommendation of the legislative body of a municipality where the Code applies, may adopt regulations imposing more restrictive standards in the municipality than those provided in the Code (id., § 394). Since the Code provides minimum standards and more restrictive standards may be imposed only by the Council upon the recommendation of the municipality, the latter may not on its own adopt regulations that are more or less stringent than the Code. While municipalities may adopt or continue local regulations, no municipality that has adopted the State Building Conservation and Fire Prevention Code has the power to supersede or make less restrictive any of its provisions (id., § 397). Thus in the event of a conflict between provisions of a local building code and those of the State code, the latter will prevail. More restrictive standards may be imposed only by the Council upon application by the municipality (id., § 394).
Your other question is whether the provisions of the applicable codes apply to existing structures and conditions. We refer you to the following provisions of the State Building Code, which define the extent to which the various parts of the code apply to existing buildings or facilities — 9 NYCRR, §§ 601.2, 701.2, 801.2 and 901.2. A review of the rules promulgated under Article 18-A as the State Fire Prevention Code reveals that generally they deal with fire safety practices to safeguard life and property from the hazards of fire, explosion, or release of toxic gases arising from the storage, handling or use of hazardous substances, materials or devices (9 NYCRR, Part 1150, § 1150.2). It is necessary to review each provision of the Fire Prevention Code to determine its applicability, but it is clear that many provisions regulate conduct and practices in existing buildings (see, e.g., 9 NYCRR, §§ 1150.6, 1151.2 through 1151.5).
We note that with the adoption of chapter 707 of the Laws of 1981, the Legislature has imposed on local governments new requirements that will soon take effect. Chapter 707 established the New York State Uniform Fire Prevention and Building Code Act as a second Article 18 of the Executive Law. (See footnote supra.) The legislative purpose is to provide for the promulgation of a uniform code addressing building construction and fire prevention to insure a minimum level of protection to all people of the State from the hazards of fire and inadequate building construction (L 1981, ch 707, § 1 — Executive Law, Art 18, § 371[2][b]). Local governments are required to administer and enforce the Uniform Fire Prevention and Building Code on and after January 1, 1984 (L 1981, ch 707, § 1 — Executive Law, Art 18, § 381[2]). To provide interim standards, it is further provided that the State Building Construction Code and the State Building Conservation and Fire Prevention Code will be applicable on March 1, 1982, in each local government that does not on that date have in effect its own building or fire prevention code (L 1981, ch 707, § 1 — Executive Law, Art 18, § 373). In any local government that on March 1, 1982, has its own building or fire prevention code, the State Building Construction Code and State Building Conservation and Fire Prevention Code become applicable if the local government, prior to January 1, 1984, repeals its local code (ibid.). It appears that the legislative purpose is to insure that rules exist to promote building and fire safety until the Uniform Fire Prevention and Building Code takes effect in 1984.
We note that chapter 707 also establishes a new Article 18-AA of the Executive Law to provide for Fire Safety In Areas Of Public Assembly (L 1981, ch 707, § 2). The legislative purpose is to reduce the risk posed by fire to users and patrons of both new and existing areas of public assembly (L 1981, ch 707, § 2 — Executive Law, Art 18-AA, § 399-a). Areas of public assembly are defined as any building or part of a building used for gathering 50 or more persons for specified purposes (L 1981, ch 707, § 2 — Executive Law, Art 18-AA, § 399-b[2]). The provisions of Article 18-AA apply to areas of public assembly, the construction or renovation of which begins on or after April 1, 1982 (L 1981, ch 707, § 2 — Executive Law, Art 18-AA, § 399-c[2]). Areas of public assembly, the construction or renovation of which began prior to April 1, 1982, are required to comply with the fire safety rules on or before January 1, 1985 (L 1981, ch 707, § 2 — Executive Law, Art 18-AA, § 399-c[3]).
Chapter 707, effective January 1, 1984, repeals several articles in the Executive Law, including Articles 18 and 18-A (L 1981, ch 707, §§ 12 and 20).
We conclude that in a municipality that has adopted the State Building Code, the State Building Conservation and Fire Prevention Code and a model code, the State codes prevail in the event of a conflict between them and the model code. Under certain circumstances the State codes apply to existing buildings and conditions.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.
* There are currently two Article 18s in the Executive Law. Chapter 707 of the Laws of 1981 repealed this Article 18, effective January 1, 1984. Chapter 707 established a new Article 18, the Uniform Fire Prevention and Building Code Act, which is applicable on January 1, 1984 (see discussion infra).